#### IN THE UNITED STATES DISTRICT COURT
#### DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Hamm, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 9:20-2427-RMG |
| vs. ) | |
| ) | |
| Commissioner of Social Security and the ) | |
| State of South Carolina, ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff brought this action *pro se* in the Richland County Court of Common Pleas. The Commissioner of Social Security and the State of South Carolina removed this case to this Court and then moved to dismiss this action. (Dkt. Nos. 4, 5). The Magistrate Judge, who was responsible for handling pretrial matters, issued a *Roseboro* Order, advising the Plaintiff of the importance of dispositive motions and the need to file an adequate response. (Dkt. No. 9, 10). Plaintiff filed no response to the motion to dismiss. Thereafter, the Magistrate Judge filed a Report and Recommendation recommending that the action be dismissed without prejudice for the Plaintiff's failure to prosecute. (Dkt. No. 12). Plaintiff filed no objections to the Report and Recommendation.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection

is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

The Magistrate Judge ably summarized the record in this matter and Plaintiff's failure to prosecute the case and to object to the motions to dismiss. Further, Plaintiff has failed to file an objection to the Report and Recommendation. B**as**ed upon the foregoing, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 12) as the order of the Court, **AFFIRMS** the decision of the Commissioner, and **DISMISSES** this action without prejudice.

AND IT IS SO ORDERED.

S/ Richard  Mark Gergel  
Richard Mark Gergel  
United States District Judge

Charleston, South Carolina  
October 26, 2020